IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA TURNER REASNER, | : | CIVIL NO. 1:CV-04-1164 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| SHIRLEY MOORE, | : | |
| Respondent | : | |

**MEMORANDUM and ORDER**

On May 28, 2004, this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Linda Turner Reasner ("Reasner"), was transferred to this court from the Eastern District Court of Pennsylvania. In the petition Reasner challenges her conviction and the resulting sentence imposed by the Court of Common Pleas of Franklin County, Pennsylvania. (Doc. 1.) In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Reasner was advised that she could (1) have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose her ability to file a second or successive petitions, absent certification by the court of appeals, or (2) withdraw her petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act. She was also informed that failure to comply with the order would result in the court ruling on the petition as filed. (Doc. 3.) Reasner thereafter notified the court that she elected to proceed on her petition as submitted. (Doc. 4.) The petition is presently ripe for disposition, and, for the reasons set forth below, will be dismissed on the basis that (1) Reasner has failed to fairly present her claims to the state courts; (2) those claims are now procedurally barred in the state courts; and (3) Reasner cannot show just cause for the procedural default or that failure to reach the merits of her claims will result in a fundamental miscarriage of

justice.

I.  Background

On September 25, 1998, Reasner was arrested and charged with two (2) counts of aggravated assault and two (2) counts of criminal attempt to commit homicide based on to two separate incidents in which she attempted to poison her husband with antifreeze. Petitioner's husband suffered serious bodily injury as a result of these attempts by Reasner. On August 27, 1999, Reasner entered pleas of guilty to one (1) count of aggravated assault and one (1) count of criminal attempt to commit homicide. The remaining counts were dismissed as part of the plea agreement. On February 16, 2000, Reasner was sentenced to 48 months to 240 months on the aggravated assault count, and received a consecutive sentence on the criminal attempt to commit homicide of 120 months to 480 months. No timely direct appeal was filed.

On March 13, 2001, Reasner filed a pro se petition under the Pennsylvania Post Conviction Relief Act ("PCRA") , 42 Pa.C.S.A. §§ 9541, et seq. Following the appointment of counsel, an amended PCRA petition was filed on September 7, 2001. Included in the amended petition was a request to file a direct appeal nunc pro tunc due to trial counsel's failure to properly advise Reasner of her appeal rights and respond to her letters regarding an appeal. Also included were grounds of ineffective assistance of counsel due to counsel's failure to spend time with Reasner prior to entering her guilty plea, failing to act on her behalf in regard to filing an appeal, and ineffectiveness at sentencing in failing to call witnesses on Reasner's behalf and objecting to the Commonwealth's allegation that Reasner was a pathological liar. Reasner contests the sentence received due to counsel's alleged ineffectiveness. A PCRA hearing was thereafter conducted on January 3, 2002. In an opinion issued on January 11, 2002, the PCRA court found that the evidence established that

counsel failed to file an appeal when directed by Reasner to do so, constituting ineffective assistance of counsel and meriting an appeal nunc pro tunc. Because of this decision, the court did not decide other bases for ineffectiveness of counsel. (Doc. 11, Franklin County Ct. Com. Pl. Order dated 1/11/02.)

On February 14, 2002, Petitioner filed a nunc pro tunc direct appeal with the Pennsylvania Superior Court raising four (4) ineffective assistance of counsel grounds[1] and an allegation that the trial court erred in exceeding the standard sentencing guidelines. In the appeal the four ineffective assistance grounds were merely listed, but not briefed, as these grounds were still pending before the PCRA court pursuant to the amended PCRA petition. On January 3, 2003, the Superior Court issued an opinion addressing only Reasner's claim that her sentence was excessive under the sentencing guidelines. The Superior Court affirmed the sentence, finding it to be reasonable. The remaining ineffective assistance of counsel claims were found to be waived in that, although raised in the appeal, no arguments were set forth by Reasner in support of these grounds. No Petition for Allowance of Appeal to the Pennsylvania Supreme Court was filed.

On April 8, 2003, the PCRA court granted Reasner's petition to consider the outstanding PCRA issues, and set the matter for argument.[2] On June 30, 2003, an Order was issued denying the

---

[1] The ineffective assistance of counsel grounds raised were as follows: (1) failure to thoroughly explain the plea agreement; (2) failure to call witnesses on Reasner's behalf at sentencing; (3) failure to dispel the notion at sentencing that Reasner was a pathological liar; and (4) failure to file a timely appeal and/or motion to reconsider sentence on Reasner's behalf.

[2] The issues remaining were the following ineffective assistance of counsel claims: (1) failure to explain the plea agreement; (2) failure to call witnesses at sentencing; and (3) failure to challenge the notion she is a pathological liar. The ineffective assistance grounds pertaining to counsel's failure to file a timely appeal and move for reconsideration of the sentence were found to be moot inasmuch as Reasner had been permitted to appeal nunc pro tunc and the Superior Court heard and disposed of the claims.

remaining issues in the PCRA petition. (Doc. 11, 6/30/03 PCRA Ct. Opinion & Order.) Reasner failed to file a timely appeal from this Order.[3]

II.   Claims for habeas relief

The instant federal habeas petition raises the following grounds:

(1)   Ineffective assistance of trial counsel in failing to explain the plea agreement;

(2)   Ineffective assistance of trial counsel in failing to file direct appeal/ reconsideration of sentence; and

(3)   Ineffective assistance of trial counsel during sentencing in failing to call witnesses and expel notions that Reasner was a "pathological liar."

III.   Exhaustion of state court remedies

A federal court will not grant a state prisoner's petition for a writ of habeas corpus unless available state-court remedies on the federal constitutional claims have been exhausted. 28 U.S.C. § 2254(b)(1); Stevens v. Del. Corr. Ctr., 295 F.3d 361, 369 (3d Cir. 2002). The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002). "Fair presentation" of a claim means that the petitioner "must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v.

---

[3] While Reasner attaches a copy of a Notice of Appeal filed with the Franklin County Court of Common Pleas appealing the Order of June 30, 2003, the appeal was clearly untimely. The document is file stamped September 29, 2003. The Franklin County Court of Common Pleas docket (See Commonwealth of Pa. vs. Reasner, CP-28-CR-0001499-1998) reveals that an Order was subsequently issued on October 15, 2003, informing Reasner that the court no longer had jurisdiction over the matter and declining to grant the relief requested. The docket further reveals that Reasner thereafter filed a "Motion to Extend Time for Filing Notice of Appeal Nunc Pro Tunc" on November 14, 2003. Again, the court declined to grant the relief requested on the basis it no longer retained jurisdiction over the matter.

Vaughn, 172 F.3d 255, 261 (3d Cir. 1999)(citations omitted); see also, Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004). Petitioners who have not presented their claims to the highest state court have failed to exhaust those claims. O'Sullivan, 526 U.S. at 844-45. The grounds raised in the instant habeas petition were found to be waived on direct appeal by the Pennsylvania Superior Court.[4]

However, another avenue of relief available to Reasner is collateral review under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, et seq., "which permits motions for post-conviction collateral relief for allegations of error including ineffectiveness of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).[5] While the PCRA contains limits on availability of judicial review, our Court of Appeals has generally insisted that a state prisoner first attempt to obtain state court review before proceeding in federal court under 28 U.S.C. § 2254. See, e.g., Toulson v. Beyer, 987

---

[4] As previously set forth, because the trial court granted Reasner's motion for leave to appeal nunc pro tunc and had not yet ruled on her PCRA ineffective assistance of counsel claims, Reasner merely listed the ineffective grounds in the nunc pro tunc direct appeal to establish that she had raised and not abandoned said claims. Because she included no facts or arguments with regard to these claims in the nunc pro tunc appeal, on January 3, 2003, the Superior Court deemed the claims to be waived on direct appeal. This ruling had no detrimental effect whatsoever on Reasner for the following reasons. First, she had the ability to challenge this ruling via a second PCRA, but did not do so. More importantly, these exact ineffective assistance claims were still pending before the trial court in Reasner's first PCRA petition, and thereafter considered on the merits on June 30, 2003. Although the claims were rejected, Reasner could have appealed the PCRA court's ruling to the Pennsylvania Superior Court but failed to do so, as will later be discussed.

[5] The exhaustion requirement is satisfied if a Petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence or through a collateral proceeding, such as a petitioner under the PCRA. It is not necessary, however, to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans v. Court of Common Pleas, 959 F.2d 1227, 1230-31 (3d Cir. 1992); Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984).

F.2d 984, 988-89 (3d Cir. 1993).

Reasner did raise the issues presently before the court in her amended PCRA petition. They were considered and rejected by the PCRA court on June 30, 2003. Reasner had thirty (30) days to appeal the PCRA court's order to file a Notice of Appeal to the Pennsylvania Superior Court, and failed to timely do so. Reasner admits that a Notice of Appeal was not filed until September 29, 2003, over sixty (60) days late. Further, the Superior Court docket verifies that an appeal from the June 30, 2003 Order was never pursued by Reasner. As such, her claims are unexhausted in that they have not been fairly presented to the state courts.

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' 28 U.S.C. § 28 U.S.C. §2254(b). In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991)." McCandless, 172 F.3d at 260; see also, Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001); Lines, 208 F.3d at 164-66.

To show cause, a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. Murray v. Carrier, 477 U.S. 478, 488 (1986); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992). "Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993); Coleman, 501 U.S.

at 750. In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller, 251 F.3d 408. Reasner has not alleged cause or prejudice. While she claims that she thought she had sixty (60) days to appeal to the Pennsylvania Superior Court from the June 30, 2003 Order denying PCRA relief, even if ignorance of the law was sufficient to establish cause, Reasner's argument fails in that her Notice of Appeal was not filed with the PCRA court until well after sixty (60) days from the date the Order was entered.[6] Nor has she demonstrated her actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. In fact, in her traverse Reasner admits to her actions, but seeks a reduction of her sentence on the basis of hardship due to her aging mother's health. (Doc. 22.)

Based on the foregoing, the state appellate courts have never been provided with the opportunity to consider the ineffective assistance claims before the court either because the issues were waived on direct appeal and/or Reasner has procedurally defaulted her claims. Habeas relief will therefore be denied.

IV.   Order

**AND NOW**, this 13th day of July, 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), **IT IS HEREBY ORDERED THAT:**

---

[6] Reasner's claim of ignorance of the law as cause for her procedural default is unavailing. To establish cause for excusing her default, Reasner must show that the default resulted from some objective factor external to the defense that prevented her from raising the claim, and which cannot be fairly attributable to her own conduct, see Murray v. Carrier, 477 U.S. at 488, or that the defaulted claim raises an issued that was intrinsically beyond her ability to present. See Smith v. Newsome, 876 F.2d 1461, 1465-66 (11th Cir. 1989). A belief that the appeal period was sixty (60) days as opposed to thirty (30) days fails to demonstrate the necessary cause.

1. The petition for writ of habeas corpus is DISMISSED.

2. The Clerk of Court is directed to CLOSE this matter.

3. There is no basis for the issuance of a certificate of appealability.


     S/ Yvette Kane
    YVETTE KANE
    United States District Judge